IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ECI FINANCIAL CORP., a California Corporation, | ) ) ) | 2:10-cv-02363-GEB-GGH |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE AND CONTINUING HEARING ON |
| v. | ) ) | DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S |
| AMERICAN HOME MORTGAGE SERVICING, INC., a Delaware Corporation, and DOES 1 to 50, | ) ) ) | MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND/OR TO |
| Defendants. | ) ) | STRIKE PORTIONS OF THE COMPLAINT |
| _____ | ) | |

On September 8, 2010, Defendant filed a motion to dismiss Plaintiff's Complaint or, in the alternative, for a more definite statement and/or motion seeking to strike portions of the Complaint. (Docket No. 5.) The motion is noticed for hearing on October 12, 2010. Plaintiff has failed to file an opposition or statement of non-opposition to Defendant's motion in compliance with Local Rule 230(c). Since Plaintiff has not responded to the motion, the motion is rescheduled for hearing on November 8, 2010, commencing at 9:00 a.m. Plaintiff shall file an opposition or statement of non-opposition to the motion as required by Local Rule 230(c).

Further, Plaintiff and its counsel are hereby ordered to show cause ("OSC") in a filed response to this OSC on or before October 25, 2010, in which they explain why sanctions should not be issued under

Local Rule 110 because of Plaintiff's failure to file an opposition or statement of non-opposition to the pending motion. Plaintiff is warned that a sanction could include a monetary sanction and/or dismissal of this case or claims with prejudice. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (stating "[f]ailure to follow a district court's local rules is a proper ground for dismissal."). The written response to this OSC also shall state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 8, 2010, commencing at 9:00 a.m.

Dated:  October 7, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]     "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert. denied</u>, 471 U.S. 1014 (1985). Sometimes the "faults . . . of the attorney may be imputed to, and their consequences visited upon, [the attorney's] client." <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).