IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECI Financial Corp., a California corporation, | ) ) ) | 2:10-cv-02363-GEB-GGH |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STRIKE, AND DENYING MOTION FOR MORE DEFINITE STATEMENT |
| American Home Mortgage Servicing, Inc., a Delaware Corporation, and Does 1-50, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Defendant American Home Mortgage Servicing, Inc. ("Defendant")
moves for dismissal of Plaintiff's Complaint under Federal Rule of Civil
Procedure ("Rule") 12(b)(6), arguing Plaintiff fails to state a claim
upon which relief can be granted. In the alternative, Defendant moves to
strike Plaintiff's punitive damages allegations under Rule 12(f) and for
a more definite statement under Rule 12(e).

Plaintiff did not file an opposition or statement of non-
opposition in response to Defendant's motion as required by Local Rule
230(c). Nor did Plaintiff respond to an Order to Show Cause ("OSC")
concerning this failure. A separate order imposed a monetary sanction
against Plaintiff's counsel.

1

## I. LEGAL STANDARD

2      A Rule 12(b)(6) dismissal motion tests the legal sufficiency
3  of the claims alleged in the complaint. <u>Novarro v. Black</u>, 250 F.3d 729,
4  732 (9th Cir. 2001). A pleading must contain "a short and plain
5  statement of the claim showing that the pleader is entitled to relief
6  . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the
7  defendant fair notice of what the [plaintiff's] claim is and the grounds
8  upon which relief rests . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550
9  U.S. 544, 555 (2007).

10      Dismissal of a claim under Rule 12(b)(6) is appropriate only
11  where the complaint either 1) lacks a cognizable legal theory, or 2)
12  lacks factual allegations sufficient to support a cognizable legal
13  theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.
14  1988). To avoid dismissal, a plaintiff must allege "only enough facts
15  to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550
16  U.S. at 547.

17      In deciding a Rule 12(b)(6) motion, the material allegations
18  of the complaint are accepted as true and all reasonable inferences are
19  drawn in favor of the plaintiff. <u>See al-Kidd v. Ashcroft</u>, 580 F.3d 949,
20  956 (9th Cir. 2009). However, conclusory statements and legal
21  conclusions are not entitled to a presumption of truth. <u>See Ashcroft v.
22  Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Twombly</u>, 550 U.S. at 555. "In
23  sum, for a complaint to survive a motion to dismiss, the nonconclusory
24  'factual content,' and reasonable inferences from that content, must be
25  plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss
26  v. United States Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

27

28

## II. REQUEST FOR JUDICIAL NOTICE

Defendant's motion includes a request that the Court take judicial notice a Deed of Trust, which was recorded with the Kern County Recorder's Office on December 30, 2005. (Def.'s Req. for Judicial Notice ("RJN") Ex. 1.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Since the Deed of Trust is publically recorded, it is capable of accurate determination and may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (1992) (taking judicial notice of documents in a county's public record, including deeds of trust). Therefore, this judicial notice request is granted.[1]

## III. BACKGROUND

Vincent Billera obtained a loan for $220,500.00 around December of 2005, which was secured by a Deed of Trust on his property located in Bakersfield, California. (RJN, Ex. 1.) On January 1, 2009, Billera and Defendant entered into a Loan Modification Agreement. (Compl., Ex. 1.) This agreement "may be considered" in ruling on this Rule 12(b)(6) motion, since it is attached to Plaintiff's Complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

---

[1]      Defendant also requested other documents be judicially noticed but failed to show how these documents are relevant to its motion. Therefore, this portion of the request is denied.

3

1       Plaintiff alleges it "took over the subject property and
2  assumed the [loan] modification agreement with Defendant." (Compl. ¶
3  7.) Plaintiff further alleges Defendant "agreed to have Plaintiff take
4  over the property as well as the loan for the subject property[,]" and
5  accepted "numerous payments . . . with no issue." <u>Id.</u> However, Plaintiff
6  alleges, Defendant wrongfully returned one of Plaintiff's payment checks
7  and "[has] since started the foreclosure process." <u>Id.</u>

8                  **IV. DISCUSSION**

9       Plaintiff alleges seven state claims in its Complaint: breach
10 of contract, breach of the implied covenant of good faith and fair
11 dealing, violation of California Business & Professions Code section
12 17200, willful misrepresentation, negligent misrepresentation, fraud,
13 and promise without intent to perform. Defendant challenges the
14 sufficiency of all seven claims.

15    **A.   Breach of Contract**

16      Defendant seeks dismissal of Plaintiff's breach of contract
17 claim, which is based upon the January 1, 2009 Loan Modification
18 Agreement and Defendant's oral agreement that Plaintiff could "[take]
19 over [the] property and step[] into the shoes of the borrower." (Compl.
20 ¶ 17.) Defendant argues *inter alia,* Plaintiff lacks standing to enforce
21 the Loan Modification Agreement because "it was not a *party* to the
22 Agreement[,]" and Plaintiff does not allege "that it was the intention
23 of the parties . . . to have Plaintiff benefit from the Agreement."
24 (Mot. 4:16-18, 5:1-4.) Defendant further argues that Plaintiff cannot
25 base its breach of contract claim on Defendant's alleged "verbal
26 communication" because "an oral contract pertaining to a mortgage loan
27 is invalid and unenforceable" under the "Statute of Frauds." <u>Id.</u> 5:5-10.

28

                          4

1    In California, "[a] cause of action for breach of contract

2 requires proof of the . . . existence of the contract." <u>CDF Firefighters</u>

3 <u>v. Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).

4    In order for a contract to be enforceable by a
     third party, the contract must be made expressly
5    for the benefit of the third person. A third party
     who is only incidentally benefited [sic] by
6    performance of a contract is not entitled to
     enforce it. . . . It must appear to have been the
7    intention of the parties to secure to him
     personally the benefit of its provisions.

8

9 <u>Eastern Aviation Group, Inc. v. Airborne Express, Inc.</u>, 6 Cal. App. 4th

10 1448, 1452 (1992) (quotations and citations omitted).

11    Plaintiff was not a party to the Loan Modification Agreement,

12 and Plaintiff does not allege it was an intended beneficiary of the

13 agreement. (Compl., Ex. 1.) Further, Defendant's alleged "verbal

14 communication" to allow Plaintiff to take over the original borrower's

15 property is invalid under the statute of frauds. <u>Cf.</u> <u>Secrest v. Security</u>

16 <u>National Mortgage Loan Trust 2002-2</u>, 167 Cal. App. 4th 544, 553-54

17 (2008) ("An agreement for . . . an interest in real property comes

18 within the statute of frauds.") Since Plaintiff has not alleged the

19 existence of a valid contract between it and Defendant, its breach of

20 contract claim is dismissed.

21    **B.   Good Faith & Fair Dealing**

22    Defendant also seeks dismissal of Plaintiff's good faith and

23 fair dealing claim, arguing *inter alia*, "there is no [prerequisite]

24 valid or enforceable contract between Plaintiff [and] Defendant." (Mot.

25 7:16-21.)

26    "The implied covenant of good faith and fair dealing rests

27 upon the existence of some specific contractual obligation." <u>Racine</u>

28 <u>Laramie, Ltd. v. Dept. of Parks & Recreation</u>, 11 Cal. App. 4th 1026,

1031 (1992) (citation omitted). The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." <u>McClain v. Octagon Plaza, LLC</u>, 159 Cal. App. 4th 784, 799 (2008).

Plaintiff has not alleged the existence of a valid contract between it and Defendant. Therefore, its good faith and fair dealing claim is dismissed.

**C.    California Business & Professions Code section 17200**

Defendant also seeks dismissal of Plaintiff's California Business and Professions Code section 17200 ("§ 17200") claim, arguing "Plaintiff simply alleges no facts to support [its] claim." (Mot. 9:10-11.)

California's Unfair Competition Law, § 17200, prohibits "unlawful, unfair or fraudulent" business acts and practices. "This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and '[a] plaintiff [. . .] must state with reasonable particularity the facts supporting the statutory elements of the violation.'" <u>Grant v. WMC Mortg. Corp.</u>, No. CIV. 2:10-1117 WBS KJN, 2010 WL 2509415, at *4 (E.D. Cal. June 17, 2010) (quoting <u>Khoury v. Maly's of California, Inc.,</u> 14 Cal. App. 4th 612, 619 (1993)).

Plaintiff's § 17200 claim is vague and conclusory, since it alleges only that "[b]y their activities and omissions as herein alleged, defendants . . . have engaged in unlawful or unfair business practice[s] within the meaning of [§ 17200]." (Compl. ¶ 32.) <u>See Espinoza v. Recontrust Co., N.A.,</u> No. 09-CV-1687-IEG (RBB), 2010 WL 1568551, at *9 (S.D. Cal. Apr. 19, 2010) (holding similar allegations were "insufficient to survive a motion to dismiss"). Therefore, Plaintiff's § 17200 claim is dismissed.

1      **D.    Willful Misrepresentation, Negligent Misrepresentation, Fraud,**

2            **and Promise without Intent to Perform**

3            Defendant also seeks dismissal of Plaintiff's fourth through

4      seventh claims, in which Plaintiff alleges willful misrepresentation,

5      negligent misrepresentation, fraud, and promise without intent to

6      perform. Defendant argues, *inter alia,* that these claims fail to comply

7      with Rule 9(b)'s heightened pleading standard. (Mot. 9:16-19, 11:10-13,

8      11:23-24.)

9            Rule 9(b)'s heightened pleading standard applies to "averments

10     of fraud" in all civil cases, regardless of whether or not "fraud" is an

11     essential element of the claim. <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d

12     1097, 1103-1105 (9th Cir. 2003). Rule 9(b) provides that "[i]n alleging

13     fraud or mistake, a party must state with particularity the

14     circumstances constituting fraud or mistake."  The required specificity

15     includes the "time, place, and specific content of the false

16     representations as well as the identities of the parties to the

17     misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir.

18     2007) (quotation omitted).

19           Plaintiff's claims for willful misrepresentation, negligent

20     misrepresentation, fraud, and promise without intent to perform are

21     based upon the following allegations:

22           Defendants . . . confirm[ed] to Plaintiff that if
            [it] complie[d] with all obligations and requests
23           regarding [the loan] modification, that [it] would
            and has stepped into the shoes of the original
24           borrower.

25           . . . .

26           Defendants . . . affirmatively represented to
            Plaintiff that Defendants would represent the
27           interests of the plaintiff, and not just take its
            money and foreclose on the subject property.
28
            . . . .

7

1
2
3
4
5
6
7
8
9
10

> Defendant . . . in breach of their duties as described herein, so negligently and carelessly failed to make reasonable efforts and inquiry so that Plaintiff was not made aware of all material facts which would or could affect Plaintiff's agreement to purchase the subject property.
>
> . . . .
>
> Defendants did the acts herein alleged with the intent to deceive and defraud Plaintiff.
>
> . . . .
>
> At the time Defendant . . . had Plaintiff [take over the Loan Modification A]greement, Defendants had no intention of performing the terms of said agreement . . . ."

11  (Compl. ¶¶ 9, 37, 45, 51, 56.)

12      These "averments of fraud" do not provide the specificity

13  required by Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120,

14  1125-27 (9th Cir. 2009) (holding allegations concerning false

15  representations and non-disclosures "are grounded in fraud" and are

16  subject to Rule 9(b)). They do not provide sufficient detail concerning

17  the time, date, and place of the alleged misrepresentations and non-

18  disclosures, nor the identity of who made them. Therefore, Plaintiff's

19  claims against Defendant alleging willful misrepresentation, negligent

20  misrepresentation, fraud and promise without intent to perform are

21  dismissed.

22                              **V. CONCLUSION**

23      For the stated reasons, Defendant's motion to dismiss is

24  GRANTED. Since all claims alleged against Defendant are dismissed,

25  Defendant's alternative motion to strike and motion for a more definite

26  statement are DENIED as moot. Plaintiff is granted ten (10) days from

27  the date on which this order is filed to file a First Amended Complaint.

28

1        This action may be dismissed with prejudice under Federal Rule

2   of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint

3   within the prescribed time period.

4   Dated:  December 22, 2010

5

6   _____

    GARLAND E. BURRELL, JR.

7       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28