IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECI Financial Corp., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>American Home Mortgage Servicing, Inc., a Delaware Corporation, and Does 1-50, inclusive,<br><br>    Defendants.<br>_____ | 2:10-cv-02363-GEB-GGH<br><br>ORDER OF DISMISSAL |

    An order issued on December 23, 2010, granting Defendant's Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal motion. (ECF No. 10.) The December 23, 2010 Order granted Plaintiff ten (10) days to file a First Amended Complaint and warned Plaintiff that the action "may be dismissed with prejudice under [Rule] 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period." Id. at 8:26-9:3. Plaintiff did not file an amended complaint within the prescribed time period. Therefore, this action will be dismissed with prejudice under Rule 41(b) for failing to comply with a court order.

    "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991).

However, since "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Id.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). To dismiss a case as a sanction, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 990 (quotation and citations omitted).

The first and second factors weigh in favor of dismissal in this case because Plaintiff's non-compliance with above referenced order has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish, 191 F.3d at 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (stating "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

The third factor concerning the risk of prejudice to Defendant considers the strength of a plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). Since Plaintiff has provided no reason for its non-compliance, the third factor also favors dismissal.

1    The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiff's case. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits").

   The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed to amend its complaint within the prescribed time period despite the warning that the action could be dismissed with prejudice as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

   The balance of the factors strongly favors dismissal of this action with prejudice. Therefore, the doe defendants are dismissed, and this action is dismissed with prejudice. Judgment shall be entered in favor of Defendant.

Dated: January 5, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge